IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID RAMIREZ, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:22-cv-02698-M |
| FIESTA MART, LLC, | | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Fiesta Mart, LLC's Motion for Summary Judgment (ECF No. 19) and Plaintiff David Ramirez's Response and Motion for Continuance (ECF No. 21). As to Ramirez's negligence claim, the Defendant's Motion for Summary Judgment is **GRANTED**, and the Motion for Continuance is **DENIED**. As to his premises liability claim, the Plaintiff may supplement his response by November 15, 2023, to the Motion for Summary Judgment with what discovery he obtained through the close of discovery.

**I.       Factual Matters**

Ramirez alleges the following. ECF Nos. 1–2, 23. On February 15, 2022, as an invitee to a Fiesta store in Garland, Texas, he was shopping. He asked two Fiesta employees where he could find what he was looking for, and they told him where to go. After only a few steps, Ramirez slipped and fell on a clear substance. There was no warning given him of the presence of a substance on the floor. Ramirez seeks to recover damages resulting from the fall.

The Court entered a Scheduling Order on January 9, 2023, setting a dispositive motion deadline of August 14, 2023, and the close of discovery on October 6, 2023. ECF No. 9 ¶ 4, 9.

On July 21, 2023, the parties advised the Court that discovery was ongoing and cooperative, that Ramirez would make a settlement demand in the near future, and that should those efforts fail, the parties would proceed to mediation "with a target date of October 2023 to complete mediation." ECF No. 14. On August 14, 2023, Fiesta moved for summary judgment. On September 4, 2023, Ramirez responded to that motion and moved for a continuance under Rule 56(d). Fiesta did not reply on its summary judgment motion, nor did it respond to the request for a continuance. Plaintiff never filed a motion to compel as to any discovery he served.

## II.     Legal Standard

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Henry v. Fiesta Mart*, LLC, 2021 WL 4427244, at *2 (S.D. Tex. Sept. 27, 2021) (quoting *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. *Sturdivant v. Target Corp.*, 464 F. Supp. 2d 596, 601 (N.D. Tex. 2006) (Lynn, J.) (citing *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991)). The court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in favor of the nonmovant. *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

Federal Rule of Civil Procedure 56 requires the court to grant summary judgment, "after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial." *Celotex* 477 U.S. at 322. When facts are unavailable to the nonmovant, the nonmovant can submit an affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition to the motion for summary judgment. Fed. R. Civ. P. 56(d). When provided such an affidavit or declaration, the court may "defer considering the motion or deny it." *Id*. at 56(d)(1).

### III. Analysis

#### A. Negligence

Fiesta moves for summary judgment on Ramirez's negligence claim. ECF No. 1-2 at 4–5; ECF No. 20 ¶¶ 3.2–3.3. Under Texas law, a general negligence claim must be based on affirmative, contemporaneous conduct by the premises owner that caused the injury. *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (citing *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010)). This is distinct from a premises liability claim, and the two claims are not interchangeable. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017).

In *Keetch v. Kroger Co*., the Texas Supreme Court affirmed the trial court's refusal to submit a negligence claim to the jury where the plaintiff alleged the injury was caused by a slick spot on Kroger's floor, because there was no ongoing activity of the defendant when the plaintiff was injured. 845 S.W.2d 262, 264 (Tex. 1992). The Fifth Circuit has continued to rely on *Keetch* in affirming similar holdings. *See Anderson-Brown v. Kroger Texas Ltd. P'ship*, 2023 WL 2570557, at *1 (5th Cir. Mar. 17, 2023) (citing *Keech* in affirming summary judgment where the plaintiff was allegedly injured because of a puddle, not by an employee's activity); *Fulford v. Lowe's Home Centers, L.L.C.*, 811 F. App'x 240, 243 (5th Cir. 2020) (citing *Keech* in affirming summary judgment for the defendant because the source of the alleged injury was a

protruding brick, not the actions of an employee).  As to Ramirez's negligence claim, the Court grants summary judgment and denies Ramirez's motion for continuance because Ramirez has not shown that there is, or that discovery will reveal, an issue of material fact that an activity of the Defendant, rather than a condition created by an activity, caused his injuries.

### B.  Premises Liability

Under Texas law, "[g]enerally, premises owners . . . have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358–59 (5th Cir. 2017) (quoting *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014)).  Fiesta argues summary judgment as to this claim is proper because Ramirez has no proof of actual or constructive knowledge of Fiesta and thus cannot satisfy the notice requirement.  As the Court has deferred ruling on the motion for summary judgment on this issue pending the conclusion of the discovery period, it will not reach this issue at this time.

Federal Rule of Civil Procedure 56(d) provides that the Court may defer ruling on or deny a motion for summary judgment, or allow time for a nonmovant to obtain affidavits or declarations, or to take discovery, if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." *Branch Banking & Tr. Co. v. Lexiam Enterprises, LLC*, 2016 WL 9559894, at *1 (N.D. Tex. Sept. 2, 2016) (Lynn, J.) (quoting Fed. R. Civ. P. 56(d)); *see also Beverly v. Wal-Mart Stores, Inc.*, 428 F. App'x 449, 451 (5th Cir. 2011).  This rule is "designed to safeguard against a premature or improvident grant of summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).  Although Rule 56(d) motions are broadly favored and liberally granted, a party's entitlement to

discovery prior to a ruling on a motion for summary judgment is not unlimited. *Id.*; *see also Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). To justify a continuance, the Rule 56(d) motion must demonstrate (1) why the movant needs additional discovery and (2) how the additional discovery will likely create a genuine issue of material fact. *See Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534–35 (5th Cir. 1999). The nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Raby*, 600 F.3d at 561 (quoting *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). Rather, a request to stay summary judgment under Rule 56(d) must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (quoting *C.B. Trucking, Inc. v. Waste Management Inc.*, 137 F.3d 41, 44 (1st Cir. 1998)). The party requesting the additional discovery or extension also must show that relevant discovery has been diligently pursued. *See Wichita Falls Office Assocs.*, 978 F.2d at 918.

The Court finds that Ramirez met the requirements of Rule 56(d) for the Court to defer ruling until the discovery period expired and the Court has done so. The Declaration of Rachel Verich, Ramirez's attorney, states that the Plaintiff served interrogatories asking Fiesta for the names of employees who worked at the time of the incident and maintained the area where the fall occurred, and that Fiesta responded that it could not answer but would supplement. ECF No. 24 at 5–9. There is no evidence before the Court that the Plaintiff took action to obtain additional responses.

## IV. Conclusion

As to Ramirez's negligence claim, the Motion for Summary Judgment is **GRANTED** and the Motion for Continuance is **DENIED**. As to his premises liability claim, the Plaintiff may supplement his response by November 15, 2023, to the Motion for Summary Judgment with what discovery he obtained through the close of discovery.

The parties are also **ORDERED** to update the Court on the status of settlement and mediation by November 15, 2023.

**SO ORDERED**.

November 8, 2023.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE